In re HUGHES.

(District Court, N. D. Georgia.   March 18, 1914.)

No. 507.

CHATTEL MORTGAGES (§ 87*)—RECORDING—PLACE OF RECORDING.

Under Code Ga. § 3259, requiring chattel mortgages on property located in some other county than that of the mortgagor's residence to be recorded in such county in addition to the record thereof in the county of the mortgagor's residence, and section 3262, providing that a mortgage recorded in an improper office, or so defectively recorded as not to give notice to a prudent inquirer, shall not be held notice to subsequent bona fide purchasers or younger liens, but that a mere formal mistake in the record shall not vitiate it, where a resident of C. county purchased a mule in B. county, and gave a note and chattel mortgage, which was also signed by a resident of B. county because the seller was unwilling to sell to the buyer on credit, the recording of the mortgage in B. county was a substantial compliance with the statute, and was sufficient to give notice to a prudent purchaser.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 162–165; Dec. Dig. § 87.*]

In Bankruptcy.   In the matter of M. A. Hughes, bankrupt.   On petition to review an order of the referee relative to a chattel mortgage. Order disapproved, and mortgage held entitled to proof as such.

Jas. F. Kelly and Harris & Harris, all of Rome, Ga., for petitioning creditors.

John C. Davis, of Rome, Ga., for trustee.

NEWMAN, District Judge.   The question to be determined by the court in the matter brought here by petition to review develops the following facts:   Joe Landrum had a mule that he wished to sell, and M. A. Hughes, the bankrupt, wished to buy the mule.   Landrum was unwilling to sell to Hughes on credit.   Hughes went to W. A. Lackey and got him to help him buy the mule.   Lackey signed the note with Hughes, though Hughes was the real party who wished to buy the mule.   The sale took place at Cartersville, in Bartow county.   Hughes at that time lived in Cherokee county, and Lackey, who signed the note and mortgage with Hughes, lived in Bartow county.   Landrum sold and transferred the mortgage to the Bank of Cartersville, and the Bank of Cartersville caused same to be recorded in Bartow county.   It was not recorded elsewhere.   On the offer to prove the mortgage in the bankruptcy proceeding against Hughes the referee held that the mortgage was not properly recorded, as it should have been, in Floyd county, where Hughes lived.   The facts seem to be, as stated, that Hughes, at the time the mortgage was made, lived in Cherokee county, and subsequently moved to Floyd county, where he seems to have gone into bankruptcy.

The law on the subject is contained in section 3259 of the Code of Georgia, and to some extent in sections 3260 and 3262.   It provides that:

"All chattel mortgages of stocks of goods, wares, and merchandise, or other personal property, shall be recorded, in case the same is upon property or

goods located in some other county than that of the mortgagor's residence, in the county where said goods or personal property is located at the time of the execution of said mortgage, in addition to the record of said mortgage in the county of the mortgagor's residence."

I am not aware of any decisions by the Supreme Court of Georgia on this subject, and the referee and counsel seem to have failed to find any. While I differ with some reluctance with the referee, for the matter is not at all clear, I am inclined to think that the record of the mortgage in the county where the mule was when the mortgage was executed, and where the sale took place, and where one of the mortgagors resided, would be sufficient. The record seems to me to be in substantial compliance with the statute.

Section 3262 of the Code provides:

"A mortgage recorded in an improper office, or without due attestation or probate, or so defectively recorded as not to give notice to a prudent inquirer, shall not be held notice to subsequent bona fide purchasers or younger liens. A mere formal mistake in the record shall not vitiate it."

I think the record of this mortgage was sufficient to give notice to a prudent purchaser, and that the lien of the trustee should not take precedence over it.

The action of the referee is disapproved, and the mortgage held to be entitled to proof as such.